**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| **v.** | * | |
| | * | **Criminal Action No.: CBD-14-1952** |
| | * | |
| **JOHN MACDONALD JUNEK,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is the Government's Motion for Clarification (the "Motion") (ECF No. 42). The Court has reviewed the Motion and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Motion is **GRANTED** and the Court holds that negligence is not enough to find a violation of the Unattended Child Statute.

In the Motion, the Government asks the Court to clarify the Court's Memorandum and Order dated December 3, 2015 (ECF Nos. 40 and 41) which decided the Government's Motion for a Pre-Trial Ruling Affirming the Meaning of Statutory Language, ("Motion for a Pre-Trial Ruling") (ECF No. 31).  Specifically, the Government asks the Court to decide whether a negligent *mens rea* is sufficient under the Unattended Child Statute.  Gov't.'s Mot. 1.

It is the Government's position that whether negligence is enough under the statute is ripe for decision because it was addressed in the Motion for a Pre-Trial Ruling, Defendant's Opposition, and the Government's Reply.  Gov't.'s Mot. 1.  Therefore, in the Motion, the Government points the Court to language in its Motion for a Pre-Trial Ruling where the Government stated that "[t]he plain language of the Unattended Child Statute establishes that it has no knowledge or intent *mens rea*

element, and thus serves to criminalize not only the knowing and intentional abandonment of a child in a vehicle, but also negligent abandonment." Gov't.'s Mot. 2, n.1. The Government also highlights for the Court language in its Motion for a Pre-Trial Ruling, where the Government stated that "[a] plain language interpretation [of the statute] – which criminalizes negligent abandonment, as well as knowing/intentional abandonment – is consistent with the statute's broad remedial purpose." Gov't.'s Mot. 2, n.1. In this respect, the Court explained at length in the Memorandum dated December 3, 2015, why "the plain language of the Unattended Child Statute . . . [was not] informative as to the *mens rea* requirement." ECF No. 40, 9-12. Therefore, the Court already held that the plain language of the Unattended Child Statute did not inform in any way the *mens rea* requirement under the Unattended Child Statute. *Id*.

The Government also points to language in its Motion for a Pre-Trial Ruling, where the Government argued that the broad remedial intent of the Unattended Child Statute is effectuated by finding that the statute penalizes not only intentional abandonment, but also negligent abandonment. Gov't.'s Mot. 2, n.1. The Court holds that there is no indication, based on the scant legislative history before it and the Legislative intent, that the Legislature intended to criminalize negligent conduct.

The Government finally refers the Court to language in its Reply where it argued that the mild penalty provision under the Unattended Child Statute supports its argument that the statute was intended to punish "not only those who leave their children unattended knowingly, but also those who do so negligently." Gov't.'s Mot. 2, n.1. In the Memorandum dated December 3, 2015, the Court explained why the potential for incarceration constituted a severe penalty in this case, and why this penalty weighed in favor of finding a knowledge or intent *mens rea* under the statute. ECF No. 40, 19-21. The law in Maryland is clear that when the punishment at stake is as serious as incarceration, at least knowledge or intent *mens rea* is required. See *Lowery v. State*, 430 Md. 477,

2

501 (2013) (". . . the greater the possible punishment, the more likely some fault is required; and conversely, the lighter the possible punishment, the more likely the legislature meant to impose liability without fault.")  If the Legislature wants to impose the penalty of incarceration for a *mens rea* that is anything less than knowledge or intent, such as negligence, it should say so clearly.

The Court does not find persuasive any of the arguments the Government advanced in support of its position that the Unattended Child Statute penalizes negligent conduct.  Although case law on this particular issue is limited, to reach its conclusion the Court relies on federal law as articulated in *Elonis v. United States*, 135 S. Ct. 2001 (2015).  *Elonis* is a case which the Court found persuasive and relied upon in the Memorandum dated December 3, 2015 to decide that the Unattended Child Statute had a knowledge or intent *mens rea* requirement.  ECF No. 40, 21-22.  In *Elonis*, the Supreme Court, in rejecting a negligence *mens rea* standard under a criminal statute, stated that "we 'have long been reluctant to infer that a negligence standard was intended in criminal statutes.'"  *Elonis*, 135 S. Ct. at 2011(citing *Rogers v. United States*, 422 U.S. 35, 47 (1975)).

For the foregoing reasons, the Court **GRANTS** the Motion and holds that negligence is not enough to find a violation of the Unattended Child Statute.

December 23, 2015

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/yv